UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARY TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No.: 1:21-cv-3129 |
| ) | |
| ANTHEM INSURANCE COMPANIES, INC., ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT**

I. **STATEMENT OF THE CASE**

1. Plaintiff, Mary Taylor (hereinafter "Taylor" or "Plaintiff"), brings her Complaint against Defendant, Anthem Insurance Companies, Inc. (hereinafter "Anthem" or "Defendant"), for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq.* Taylor contends she was subjected to discrimination based on sex and a sexually hostile work environment, and for violations of the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12101 et seq., and the ADA Amendments Act of 2008 ("ADAAA"). Plaintiff contends she was subjected to discrimination based on her disability, post-traumatic stress disorder.

II. **JURISDICTION AND VENUE**

2. Taylor was an "employee" within the meaning of 42 U.S.C. § 2000e(f).

3. Anthem is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

4. Taylor satisfied her obligation to exhaust her administrative remedies by having timely filed her U.S. Equal Employment Opportunity Commission Charge Number 470-2021-00608 against Anthem alleging discrimination in violation of the Civil Rights Act of

1964, as amended, because of her sex, female, as well as an addendum to the charge alleging discrimination based on her disability. Taylor received her Notice of Right to Sue from the EEOC on October 2, 2021, and now timely files her Complaint.

5. Jurisdiction is conferred on this Court by Title VII of the Civil Rights Act of 1964; 42 U.S.C. § 2000e-5, 28 U.S.C. § 1331, and 28 U.S.C. § 1343, as well as the ADA and ADAAA; 42 U.S.C. § 12117, and 28 U.S.C. § 1331.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as all events, transactions and occurrences concerning this matter have arisen in the geographical purview of the Southern District of Indiana.

### III.   PARTIES

7. Plaintiff is a resident of Marion County, Indiana.

8. Plaintiff began working for Defendant on October 25, 2018, and remains employed as a Work Force Analyst.

9. Defendant, Anthem Insurance Companies, Inc. ("Anthem") is an Indiana company with its principal place of business located at 120 Monument Circle, Indianapolis, IN 46240.

10. Headquartered in Indianapolis, Indiana, Anthem, Inc. is an independent licensee of the Blue Cross and Blue Shield Association serving members in 14 states: California, Colorado,Connecticut, Georgia, Indiana, Kentucky, Maine, Missouri, Nevada, New Hampshire, New York, Ohio, Virginia and Wisconsin.

11. Anthem operates over multiple locations in Indiana and throughout the 14 Anthem States and employs over 58,000 associates.

### IV.   FACTUAL ALLEGATIONS RELATED TO ALL CLAIMS

12. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

13. Plaintiff worked for Defendant as a Work Force Analyst during the past three years.

14. Plaintiff's immediate supervisor started to send her suggestive texts and phone calls beginning in May of 2020.

15. Plaintiff reported the sexually explicit emails and phone calls from her supervisor to Human Resources, but no immediate action was taken.

16. Defendant did ultimately conduct an investigation and made the decision to terminate Plaintiff's supervisor.

17. Prior to terminating Plaintiff's supervisor, Defendant did not prevent him from continuing to contact Plaintiff during the investigation, resulting in an exacerbation of Plaintiff's post-traumatic stress disorder ("PTSD").

18. Defendant was aware of Plaintiff's diagnosis of PTSD at the time she initially filed her complaint for sexual harassment.

19. Plaintiff made a claim for Worker's Compensation for injuries suffered as a result of the actions of Defendant.

20. Plaintiff has incurred medical treatment and expenses related to the actions of Defendant.

## V.     LEGAL ALLEGATIONS

### 1.     Sexual Harassment and Sexually Hostile Work Environment

21. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

22. Plaintiff was sexually harassed by her supervisor, because of her sex, female.

23. The sexual harassment subjected Plaintiff to a hostile work environment that was sufficiently severe or pervasive to alter the conditions of her employment and to create an abusive working environment.

24. The harassment was sufficiently severe or pervasive that it altered the conditions of Plaintiff's employment and created an intimidating, hostile, offensive, and abusive working environment.

25. Defendant failed to take reasonable steps to prevent the harassment once it knew, or should have known, of the reasonable probability that the harassment would occur.

26. Defenant's failure to discover or prevent the harassment gave rise to a hostile work environment.

27. Defenant failed to remedy or prevent a hostile or offensive work environment of which it knew, or should have known.

### 2. Discrimination Based on Disability

28. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

29. Plaintiff has a physical condition that is serious enough to substantially limit a major life activity, and has a record of disability.

30. Plaintiff has been discriminated against because of her disability.

31. Defendant refused to make a reasonable accommodation for Plaintiff's disability.

32. Defendant's actions and omissions violated the ADA and ADAAA, 42 U.S.C. § 12101 et seq.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A. Order Defendant to pay any and all lost wages and the monetary value of all benefits associated with her employment;

B. Order Defendant to pay compensatory damages for the mental anguish and consequential harm suffered by Plaintiff;

C. Order Defendant to pay Plaintiff's reasonable attorney fees and costs;

D. Order Defendant to pay interest on all sums recoverable; and

E. Award to Plaintiff all other relief that is just and proper in the premises.

Respectfully submitted,

GOODIN ABERNATHY, LLP

/s/ Christopher E. Clark
Christopher E. Clark, #18577-29
*Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, Mary Taylor, by counsel, demands a trial by jury on all issues deemed so triable.

                                                             Respectfully submitted,

                                                             GOODIN ABERNATHY, LLP

                                                             <u>/s/ Christopher E. Clark</u>
                                                             Christopher E. Clark, #18577-29
                                                             *Attorney for Plaintiff*

GOODIN ABERNATHY, LLP
301 East 38th Street
Indianapolis, IN 46205
P: 317/843-2606
F:  317/574-3095
<u>cclark@goodinabernathy.com</u>
03-121